**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

CHRISTOPHER S. HENRY,

    Petitioner,

v.                                            Civil Action No. 3:07cv583

GENE M. JOHNSON, DIRECTOR,

    Respondent.

## MEMORANDUM OPINION

Petitioner Christopher S. Henry, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Henry challenges his conviction for possession of a firearm by a convicted felon. Henry timely filed the instant petition for habeas corpus on September 17, 2007. In this petition Henry raises the following claims:

> Claim One: Petitioner received ineffective assistance of counsel because counsel failed to have forensics test the firearm for fingerprints.
>
> Claim Two: Petitioner received ineffective assistance of counsel because counsel failed to object or make motions to strike in order to preserve challenges to the sufficiency of the evidence for appeal.

Respondent filed a motion to dismiss pursuant to Rule 5 of Rules Governing Section 2254 Cases and appropriate *Roseboro* notice. Respondent contends that Petitioner's claims lack merit. Henry has responded, and the matter is ripe for disposition. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

## I. Procedural History

A.   **State Court Proceedings and Direct Appeal**

On June 4, 2004, after a trial in the Circuit Court for Spotsylvania County ("Circuit Court"), a jury found Henry guilty of possession of a firearm by a convicted felon, transporting a firearm while under a protective order, and failure to appear. On October 13, 2004, the Circuit Court sentenced Henry to five (5) years of incarceration.

Henry appealed his convictions contending *inter alia* that the evidence at trial was insufficient to sustain a conviction. The Court of Appeals of Virginia ("Court of Appeals") denied Henry's petition for appeal, concluding that he had not preserved his challenge to the sufficiency of the evidence. Thereafter, Henry filed a petition for appeal to the Supreme Court of Virginia ("Supreme Court"). The Supreme Court denied Henry's petition for appeal.

B.   **State Habeas Petition**

Henry next filed a state petition for a writ of habeas corpus in the Supreme Court of Virginia. In that petition, Henry raised the same two grounds for relief presented in the current federal petition for a writ of habeas corpus. The Supreme Court dismissed Henry's petition for failure to satisfy either the "performance" or "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Henry v. Dir. of Dep't of Corr.*, No. 079465, slip. op. at 1-2 (Sept. 5, 2007) ("Supreme Court Habeas Decision").

## II.  Standard of Review

This Court's power to grant relief by way of a writ of habeas corpus is circumscribed by 28 U.S.C. §§ 2254(d).[1]  Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Supreme Court has emphasized that this standard places an additional hurdle before federal habeas petitioners to demonstrate not only that the state court's decision was erroneous or incorrect, but also that it was unreasonable.  *See Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).

## III.  Analysis

**A.**    **Ineffective Assistance of Counsel**

The standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel.  In *Strickland*, the Court held that the Sixth Amendment[2] guarantees a criminal defendant's right to reasonably effective assistance of

---

[1]In addition, this Court's power to grant relief by way of habeas corpus is circumscribed by 28 U.S.C. § 2254(e)(1).  Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  Petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id.*

[2]The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.

counsel.  Under *Strickland*, Henry must first prove that his "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  This Court's review of counsel's performance must be highly deferential, applying "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance."  *Id.* at 689.  In addition, "an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."  *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996).

Second, Henry must show that counsel's deficient performance actually prejudiced his defense so that a reasonable possibility exists that, "but for the counsel's unprofessional errors, the result of the proceeding would have been different."[3]  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt" about his guilt at trial.  *Id.* at 695.  Moreover, Petitioner "must *affirmatively* prove" such reasonable probability.  *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994) (emphasis added).  Furthermore, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."  *Strickland*, 466 U.S. at 697.  The two inquiries are separate and distinct.  *Id.*

For ease of analysis, it is appropriate to address Claim Two first because the facts relevant to the analysis of that claim provide the appropriate point of departure for analysis of Claim One.

---

[3]"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Strickland*, 466 U.S. at 691.

B. **Underlying Facts**

    1. **Circuit Court Trial Testimony**

At trial, Virginia State Trooper R.D. Ward testified that on October 7, 2003, at approximately 12:30 a.m., he was on patrol on Route 1 in Spotsylvania County, Virginia, and observed Petitioner lying in the middle of the road. (Trial Tr. 7-8, June 4, 2004.) Trooper Ward testified that he activated his emergency lights and stopped his vehicle. (Trial Tr. 9.) Trooper Ward testified that at that point, Petitioner sprang up and ran into an adjacent Ramada Inn. (Trial Tr. 9-10.) Trooper Ward testified that as he approached the Ramada Inn entrance, Phillip Lloyd, the security guard on duty, emerged and presented him with a handgun. (Trial Tr. 10-11.) Trooper Ward testified that he subsequently discovered Petitioner in a restroom stall in the Ramada Inn and placed him in custody. (Trial Tr. 13, 17.)

Philip Lloyd testified he was standing at the front desk when Petitioner entered the building. (Trial Tr. 32-36.) Lloyd testified that when he asked Petitioner whether he was a guest, Petitioner ran past him. (Trial Tr. 36-37.) Lloyd testified that he pursued him and as Petitioner ran up a flight of stairs on a landing, a handgun fell from his pants pocket area and landed somewhere on the floor. (Trial Tr. 38-39.) At that point, Lloyd retrieved the handgun and presented it to Trooper Ward. (Trial Tr. 40.) Defense presented no witnesses.

    2. **State Habeas Decision**

In dismissing Henry's state petition for a writ of habeas corpus, the Supreme Court of Virginia found that "[t]he record, including the trial transcript, demonstrates that a security officer at a motel observed the handgun fall from petitioner's person and that the officer immediately recovered the handgun." *Henry*, Supreme Court Habeas Decision at 1-2. The

Supreme Court further held that

> the evidence was sufficient to prove petitioner possessed and transported the firearm. The trial judge affirmatively stated that he based his finding of guilt primarily upon the 'unequivocal testimony' of the motel security guard, who pursued petitioner and saw him drop the firearm on the floor in the motel. The security guard immediately recovered the firearm and then gave the firearm to the state trooper, who had observed the petitioner jump from a prone position in the roadway and run into the motel . . . .

*Id.* at 2. In sum, the Supreme Court determined that Lloyd witnessed the handgun fall from Henry's person and land somewhere on the floor.

C.  **Federal Habeas Claims**

    1.  **Claim Two**

In Claim Two, Henry alleges that he received ineffective assistance of counsel because his attorney failed to make timely objections and a motion to strike for insufficiency of evidence in order to preserve such a claim on appeal. Claim Two fails to satisfy the "prejudice" prong of *Strickland*. The Supreme Court held the record sufficient to prove Henry possessed and transported the firearm. *Henry*, Supreme Court Habeas Decision at 1-2. The Circuit Court affirmatively stated that it based his finding of guilt primarily on Lloyd's "unequivocal testimony" that he saw the firearm fall from Henry's pocket. *Id.* at 2. (Trial Tr. 95.) In response, Henry asserts that Lloyd presented three inconsistent versions of witnessing the firearm fall to the floor, rendering his testimony subject to doubt. Henry contends that his attorney should have objected to this inconsistent evidence. However, the Court perceives no error in the Supreme Court's finding that Lloyd possessed the firearm because the record supports such a finding. *Henry*, Supreme Court Habeas Decision at 1-2; 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue by a State court shall be presumed to be correct."). The fact that Lloyd could not

see Henry's pocket directly or remember exactly where the gun landed does not render his testimony so doubtful as to "undermine confidence" in the jury verdict. *Strickland*, 466 U.S. at 694. No reasonable probability exists that Henry could have prevailed on appeal had he preserved his challenge to the sufficiency of the evidence. Therefore, Claim Two will be DISMISSED.

### 2. Claim One

In Claim One, Henry alleges that he received ineffective assistance of counsel because his attorney failed to have the handgun tested for fingerprints. Henry argues such forensic evidence would have shown that his fingerprints were not on the gun. Claim One also does not satisfy the "prejudice" prong of the two-part test enunciated in *Strickland*. Henry "must *affirmatively* prove" a reasonable probability that the trial jury would have had a reasonable doubt about his guilt had counsel shown his fingerprints were not on the firearm. *Spencer*, 18 F.3d at 233 (emphasis added). As noted by the Supreme Court, Lloyd observed the handgun fall from Henry's pocket and land on the floor, and he immediately retrieved the gun. *Henry*, Supreme Court Habeas Decision at 1-2. Lloyd's testimony did not place the firearm in Henry's hand. *See Id.* at 2. Thus, any absence of fingerprints on the firearm would not undermine Lloyd's uncontroverted testimony that Petitioner possessed the gun. Petitioner has not "affirmatively prove[d]" that the jury would have reached a different verdict had counsel introduced finger print evidence. *Spencer*, 18 F.3d at 233. Therefore, Claim One will be DISMISSED.

## IV. Conclusion

Based on the foregoing reasons, the Respondent's Motion to Dismiss (Docket No. 9) is GRANTED. Accordingly, the Petition (Docket No. 1) will be DISMISSED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: July 3, 2008